IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

YOLANDA MONIQUE H. B.,

        Plaintiff,

v.                                         Civil Action No.
                                              5:18-CV-0230 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP               HOWARD D. OLINSKY, ESQ.
300 S. State Street                    ANDREW A. FLEMMING, ESQ.
Suite 420
Syracuse, New York 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH           KATHRYN S. POLLACK, ESQ.
United States Attorney for the       Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Acting Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on February 20, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Acting Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Acting Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Acting Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:    February 21, 2019
          Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YOLANDA B.,

                                        Plaintiff,

-v-                                     5:18-CV-230

NANCY A. BERRYHILL, Acting Commissioner of Social
Security,

                                        Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
February 20, 2019
100 South Clinton Street, Syracuse, New York


For the Plaintiff:
(Appearance by telephone)

    OLINKSY LAW GROUP
    300 South State Street
    Suite 420
    Syracuse, New York 13202
    BY: **ANDREW AUSTIN FLEMMING, ESQ.**

For the Defendant:
(Appearance by telephone)

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY: **KATHRYN S. POLLACK, ESQ.**


*Hannah F. Cavanaugh, RPR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

```
 1              (In chambers, counsel present by telephone.  Time
 2   noted:  10:13 a.m.)
 3              THE COURT:  I have before me an application for
 4   judicial review of an adverse determination by the Acting
 5   Commissioner pursuant to 42, United States Code, Sections 405(g)
 6   and 1383(c)(3).
 7              The background is as follows:  The plaintiff was born
 8   in September of 1983 and is currently 35 years old.  She was
 9   30 years of age at the time of the alleged onset of her
10   disability.  She lives with her four children, who at the time
11   of the hearing in this matter, May 2016, were 16 years old,
12   15 years old, and a set of twins 9 years of age.  Plaintiff's
13   husband is, or was at the time of the hearing, incarcerated.
14   The plaintiff has a GED.  She can read and write well according
15   to her testimony.  She drives, but does not own a car.
16              In terms of work, the evidence was kind of equivocal.
17   She says that she had one full-time position as a customer
18   service representative at a call center for Sutherland Global
19   Services and says at page 65 that she was laid off, but at 299
20   claims that she left that position due to her medical condition.
21   In the hearing, she stated at one point that she never had a
22   full-time job.  That's at page 93.  She has also performed work
23   in a customer service relation in other settings in the field of
24   food preparation and as a sales associate.  That's supported by
25   pages 300 and 533 of the Administrative Transcript.
```

```
 1            Physically, plaintiff suffers from back and neck
 2   issues stemming in part from a motor vehicle accident sustained
 3   in February 2015.  She was also struck as a pedestrian by a
 4   motor vehicle in February 2016.  From that, she sustained
 5   injuries to her right side and leg and was treated at the
 6   Upstate Medical Center emergency room.  Plaintiff underwent a C4
 7   through C7 anterior cervical discectomy with fusion on
 8   January 20, 2014, by Dr. Ian Madom.  She also suffers from lower
 9   back pain and neck pain into her arms and uses a cane to
10   ambulate.
11            Mentally, plaintiff has suffered from significant
12   emotional trauma over the years.  She was raped by her
13   stepfather.  That's at page 534.  She was molested by an uncle,
14   according to 1033 of the Administrative Transcript, and beaten
15   by her mother, also supported by 534.  She sees Dr. Bill Hines
16   and LCSW Eileen Essi at the Syracuse Community Health Center for
17   her mental conditions.
18            Those conditions have been diagnosed over the years
19   variously, including major depressive disorder with psychosis
20   (severe), a general anxiety disorder with panic, separation
21   anxiety, posttraumatic stress disorder or PTSD, and endogenous
22   depression with psychotic symptoms.  She has been prescribed
23   Risperdal for anger, Cymbalta for her depression.  She has also
24   in the past has taken Lexapro, Wellbutrin, and Ativan.
25            She has somewhat of a criminal history, that's at
```

1   page 118, and has been incarcerated at various times.  She
2   allegedly beat up her mother-in-law, at page 102, she has a
3   history of DWI arrests, and she has a history of treatment in
4   CPEP.  Plaintiff smokes, consumes drugs, including cocaine and
5   alcohol.
6           For daily activities, she shops with her daughters.
7   She does some cooking, some cleaning, mostly stays home, does
8   not socialize, has no hobbies, and claims at page 116 and 117
9   that she does not like people.
10          In terms of procedural history, plaintiff applied for
11  Title II and Title XVI benefits protectively on February 14,
12  2014, alleging disability on the basis of depression, anxiety,
13  and lower back pain.  She alleges an onset disability date of
14  October 31, 2013.
15          Plaintiff initially appeared for a hearing before
16  Administrative Law Judge Jennifer Gale Smith on February 16,
17  2016, without representation.  That hearing was ultimately
18  adjourned.  Subsequent hearings were conducted by ALJ Smith on
19  May 19, 2016, and August 25, 2016.  On November 21, 2016,
20  Administrative Law Judge Smith issued a decision finding that
21  plaintiff was not disabled at the relevant times and therefore
22  not entitled to the benefits sought.  That became a final
23  determination of the agency on January 5, 2018, when the Social
24  Security Administration Appeals Council denied plaintiff's
25  request for a review.

1             In terms of the Administrative Law Judge's decision,
2    I can say this, it is extremely thorough and comprehensive.  ALJ
3    Smith applied the sequential familiar five-step test for
4    determining disability.
5             At step one, she concluded that plaintiff had not
6    engaged in substantial gainful activity since October 31, 2013.
7             At step two, she concluded that plaintiff does suffer
8    from severe impairments, including status post anterior cervical
9    discectomy with fusion at the C4-5, C5-6, and C6-7 levels,
10   thoracic spine herniated disc at the T5-6 and T6-7 levels, mild
11   lumbar facet joint disease, obesity, depression with psychotic
12   symptoms, anxiety, PTSD, and substance abuse.
13            At step three, the Administrative Law Judge
14   determined that plaintiff's conditions did not meet or medically
15   equal any of the listed presumptively disabling conditions set
16   forth in the Commissioner's regulations, specifically
17   considering listings 1.02, 1.04, 14.09, the musculoskeletal
18   listings following 1.00, neurological listings following 11.00,
19   and 14.00.  The ALJ also announced that she had considered
20   plaintiff's obesity, although it is not any longer a listed
21   impairment.  ALJ Smith then surveyed the available evidence and
22   concluded that plaintiff retains the ability to perform
23   sedentary work with both physical and mental-based limitations.
24            As is relevant to the claims in this case, the mental
25   limitations include that she should work at simple routine and

1  repetitive tasks, should work in a low stress job defined as
2  occasional decisionmaking, occasional judgment required, and
3  occasional changes in the work setting, and should have
4  occasional contact with co-workers, supervisors, and the public.
5  　　　　At step four, utilizing that RFC finding,
6  Administrative Law Judge Smith found that plaintiff was not able
7  to perform any of her past relevant work.
8  　　　　At step five, after noting that if the
9  Medical-Vocational Guidelines, or the grids, set forth in
10 Commissioner's regulations were applied, Rule 201.27 would
11 direct a finding of no disability.  Because plaintiff was not
12 able to perform a full range of sedentary work, however, ALJ
13 Smith secured the testimony of a vocational expert, and based on
14 that testimony concluded that plaintiff could perform as a
15 document preparer, an addresser, and a surveillance system
16 monitor and thus was not disabled at the relevant times.
17 　　　　As you know, my task is extremely limited.  I must
18 determine whether the Commissioner's and the ALJ's decision is
19 supported by substantial evidence and resulted from the
20 application of proper legal principles.  It is a deferential
21 standard.  Substantial evidence is defined as such evidence as a
22 reasonable person would consider sufficient to support a
23 conclusion.
24 　　　　The medical source statement from Dr. Hines and LCSW
25 Essi is from June 21, 2016.  Although LCSW Essi is not an

1  acceptable medical source, Dr. Hines who co-signed is and,
2  therefore, it is entitled to controlling weight, provided it is
3  supported by medically acceptable clinical and diagnostic
4  techniques and is not inconsistent with other substantial
5  evidence.
6      If ALJ Smith did not, which she did not, give
7  controlling weight to the treating source's opinion, she must
8  have applied the specified factors set forth in 20 CFR Sections
9  404.1527 and 20 CFR Section 416.927, and those factors include
10 the length of treatment relationship, frequency of examination,
11 nature and extent of the treatment relationship, evidence
12 supporting the treatment provider's opinion, degree of
13 consistency between the opinion and the record as a whole,
14 whether the opinion is given by a specialist, and other evidence
15 that has been brought to the attention of the ALJ.
16     In this case, Dr. Hines is a psychiatrist.  Dr. Hines
17 and LCSW Essi have been treating plaintiff longitudinally and
18 are familiar with her.  I note that we're dealing with mental
19 impairment, which is inherently subjective and is less
20 susceptible to objective measure than a physical impairment
21 might be.  The ALJ rejected the opinion and elevated the
22 consultative opinion of Dr. Shapiro, an examining consultative
23 examiner, and L. Blackwell, who is not an examining consultant,
24 over it.  I note, however, that those opinions are both from the
25 first half of 2014.  Dr. Shapiro's opinion came on April 28,

2014.  L. Blackwell's, which was based in a large part on Dr. Shapiro's report, was issued on May 6, 2014.  Since that time, it appears that plaintiff's mental condition deteriorated significantly.

In July of 2014, she underwent an anxiety attack, was taken to the emergency room with chest pains and anxiety.  That's at 1232.  On October 4, 2014, she threatened to harm herself, to cut herself, and was supposed to go to CPEP, but went home before she could appear there.  On October 22, 2014, she was referred to CPEP by her primary physician.  That's at 1262 to 1269 of the Administrative Transcript.  On April 27, 2015, the plaintiff was taken to the emergency room by law enforcement after her husband found her in the tub with a knife, she had cut her wrists, and she was required to be put in restraints.  That's at 1297 to 1298.  In September of 2015, the plaintiff was again taken to CPEP by law enforcement and was deemed be to be suicidal after she tried to help her husband and protect him from being arrested by the police.  That is at 1218 to 1220.

I'll note also that it appears that the plaintiff has difficulty in dealing with people.  It was reported that she was rude and obnoxious to the agency interviewer.  That's at page 296 of the Administrative Transcript.  Interestingly enough, Administrative Law Judge Smith said that she didn't observe any problems with the plaintiff's attitude.  That's at page 35.  But

1  I read the transcript and I know I wasn't there, but the
2  transcript very clearly suggests to me at pages 71 and 118 that
3  plaintiff did have difficulties.  She had to be told at one time
4  to calm down and at another time she flatly refused to discuss
5  her depression with the Administrative Law Judge.
6           Dr. Blackwell's opinion interestingly notes that
7  there were no hospital or emergency room visits associated with
8  plaintiff's psychiatric condition.  Obviously, that changed
9  dramatically.  He did, however, note -- he or she -- that
10 plaintiff does have difficulty in getting along with people and
11 I think the evidence supports that.
12          So there's really issues of plaintiff's ability to
13 deal with stress.  I acknowledge that the RFC prescribes a low
14 stress environment.  As the plaintiff has pointed out, SSR 85-15
15 reflects that a person's reaction to stress is highly
16 individualized.  The more troublesome areas are the contact with
17 people, occasional contact with supervisors, co-workers, and the
18 public.  Even Dr. Shapiro found a moderate limitation in that
19 and I think substantial evidence suggests that she has more than
20 just a moderate limitation in her ability to interact with
21 people.
22          Also at issue is the time that she would be off task
23 and absent.  Although Dr. Shapiro found only a moderate
24 limitation in the ability to tend to a routine and maintain
25 schedule, evidence including Dr. Hines's evaluation suggests

1  otherwise.

2           It seems to me the bottom line is although ALJ cited

3  and cherry picked some contrary opinions in the record and GAF

4  scores, which of course is nothing but a snapshot of a person's

5  condition at a given time, the -- as one of my colleagues, Judge

6  Hummel, said in *Marthens v. Colvin*, 2016 WL 5369478, normal

7  mental status examinations and moderate GAF scores without more

8  do not amount to substantial evidence sufficient to warrant

9  reduction in the weight accorded to treating source's medical

10 opinion concerning an ability to interact appropriately with

11 others.  And that's basically the situation we have here.

12          The Administrative Law Judge is required, of course,

13 duty bound, to fill gaps in a record.  *Rosa v. Callahan*, 163

14 F.3d 72, the Second Circuit acknowledged that duty, and

15 specifically that the Second Circuit case law reflects that an

16 ALJ cannot reject a treating physician's diagnosis without first

17 attempting to fill in clear gaps in the administrative record.

18          In this case, there are such clear gaps.  Dr. Shapiro

19 and Dr. Blackwell's opinions are from early 2014.  They make

20 reference to the fact that there was no hospitalization or

21 significant treatment of plaintiff's psychiatric problems.

22 Clearly, that changed dramatically after the issuance of those

23 opinions.  In my view, there should have been either a new

24 consultative exam ordered or, at the very least, those

25 consultative sources should have been recontacted for

1  clarification given the deterioration of plaintiff's condition.

2  This case is similar in many respects to *Bulger v.*
3  *Astrue,* 2009 WL 1924767, where, again, there was a similar gap
4  in the record and outdated opinions that were relied on by the
5  Administrative Law Judge.  The Court concluded that the ALJ
6  should have requested that the doctors update their respective
7  reports to include multiple subsequent medical events.

8  So I am going to grant judgment on the pleadings to
9  the plaintiff, vacate the Commissioner's determination and
10 remand the matter with specific instructions that updated mental
11 status opinions be obtained.  I do not find persuasive evidence
12 of disability, so the remand will be without a directed finding
13 of disability for purposes of calculation of benefits.

14 Thank you both for excellent presentations and I hope
15 you have a good afternoon.

16 MS. POLLACK:  Thank you.

17 MR. FLEMMING:  Thank you, your Honor.

18 (Time noted:  10:33 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, Official Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 20th day of February, 2019.

x*Hannah F. Cavanaugh*
HANNAH F. CAVANAUGH, RPR
Official U.S. Court Reporter